PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00173-NONE-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JESUS ALBERTO GONZALES-BURGOS, ET AL., | DATE: March 30, 2022 TIME: 1:00 p.m. COURT: Hon. Sheila K. Oberto |
| Defendants. | |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and KATHERINE ENGLANDER SCHUH, Assistant United States Attorney, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from March 30, 2022, until June 29, 2022, at 1:00 p.m. and for such time between those dates be excluded from the calculation as to the time within which the defendants should be tried.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

**STIPULATION**

5  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7  1.       By previous order, this matter was set for a status conference on March 30, 2022.

8  2.       By this stipulation, the parties now move to continue the status conference until June 29,

9  2022, and to exclude time between March 30, 2022, and June 29, 2022, under Local Code T4.

10  3.       The parties agree and stipulate, and request that the Court find the following:

11  a)       The discovery associated with this case includes case includes voluminous

12  investigative reports, wire interceptions recordings and electronic messages, precise location

13  information data, and cellular phone downloads, totaling thousands of pages of discovery and

14  several gigabytes of electronic data.

15  b)       Counsel for the defendants' desire additional time to review discovery and to

16  confer with their respective clients regarding a potential resolution of this matter.

17  c)       Counsel for defendants believe that failure to grant the above-requested

18  continuance would deny him/her the reasonable time necessary for effective preparation, taking

19  into account the exercise of due diligence.

20  d)       The government does not object to the continuance.

21  e)       Based on the above-stated findings, the ends of justice served by continuing the

22  case as requested outweigh the interest of the public and the defendant in a trial within the

23  original date prescribed by the Speedy Trial Act.

24  f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

25  et seq., within which trial must commence, the time period of March 30, 2022 to June 29, 2022,

26  inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]

27

28  [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  because it results from a continuance granted by the Court at defendant's request on the basis of

2  the Court's finding that the ends of justice served by taking such action outweigh the best interest

3  of the public and the defendant in a speedy trial.

4       4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

5  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6  must commence.

7       IT IS SO STIPULATED.

8  Dated:  March 22, 2022                    PHILLIP A. TALBERT
                                             United States Attorney

9

10                                           /s/ Katherine E. Schuh
                                             Katherine E. Schuh
11                                           Assistant United States Attorney

12

13  Dated:  March 22, 2022                   /s/ Reed Grantham
                                             Reed Grantham
14                                           Counsel for Defendant
                                             Jesus Alberto Gonzales-Burgos

15  Dated:  March 22, 2022                   /s/ Eric Hans Schweitzer
16                                           Eric Hans Schweitzer
                                             Counsel for Defendant Gabriel Nunez
17                                           Gomez

18

19  Dated:  March 22, 2022                   /s/ Nicholas Reyes
                                             Nicholas Reyes
20                                           Counsel for Defendant Jose Gutierrez
                                             Rubalcava

21

22                                  **ORDER**

23       IT IS SO ORDERED.

24

25
   Dated:  3/3/2022                          *Sheila K. Oberto*
26                                           THE HONORABLE SHEILA K. OBERTO
                                             UNITED STATES MAGISTRATE JUDGE
27

28